**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

LYNDIA TURNER,                )
                              )
       Plaintiff,         )
                              )
                              ) Case No. CIV-20-311-RAW-KEW
                              )
COMMISSIONER OF THE SOCIAL    )
SECURITY ADMINISTRATION,      )
                              )
       Defendant.         )

**REPORT AND RECOMMENDATION**

Plaintiff Lyndia Turner (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 52 years old at the time of the decision. She has a high school education and worked in the past as a care provider and cashier. Claimant alleges an inability to work beginning on August 14, 2017, due to limitations resulting from scoliosis, headaches, migraines, a fibroadenoma, thyroid tumors, problems with hands, neuropathy in legs, and anemia.

### Procedural History

On August 14, 2017, Claimant protectively filed an application for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On May 15, 2019, ALJ Doug Gabbard, II, conducted an administrative hearing

3

from McAlester, Oklahoma, at which Claimant was present and participated. At the request of Claimant's representative, he held a supplemental hearing on January 22, 2020. On February 4, 2020, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on July 6, 2020, it denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He determined that while Claimant suffered from medically determinable impairments, Claimant did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for twelve consecutive months and, therefore, her impairments or combination of impairments were not severe.

### Errors Alleged for Review

Claimant asserts the ALJ erred by failing to perform an RFC analysis after concluding that her medically determinable mental impairments caused mild limitations in the four areas of functioning for evaluating mental disorders.

### Step-Two Evaluation

In his decision, the ALJ found Claimant suffered from medically determinable impairments of hypothyroidism, asthma,

4

chronic migraines/headaches, pharyngitis, acute maxillary sinusitis, hyperlipidemia, and depressive disorder. (Tr. 15). He concluded that none of Claimant's conditions significantly limited her ability to perform basic work-related activities for twelve consecutive months. (Tr. 16-21). As a result, the ALJ determined Claimant has not been under a disability since August 14, 2017, the date the application was filed. (Tr. 21).

Claimant's argument focuses on the ALJ's consideration of her mental impairments at step two of the disability evaluation process. She argues that because the ALJ found she was mildly limited in all four areas of mental functioning, the ALJ should have included corresponding mental functional limitations in an RFC assessment.[2]

The ALJ discussed the evidence of Claimant's mental and physical impairments in the decision. (Tr. 16-20). Regarding a mental impairment, specifically, the ALJ discussed Claimant's mental status examination with consulting psychologist Kathleen Ward, Ph.D., from May of 2018. Claimant complained that she got "confused" and could not "remember a lot of things." She reported falling and having a concussion, but she could not remember when it occurred. She also could not remember events from her childhood.

---

[2] Claimant does not appear to challenge the sufficiency of the evidence for determining that her mental impairments were nonsevere. Moreover, she does not appear to challenge the ALJ's findings as to her physical impairments.

Upon mental status examination, Claimant appeared confused with limited eye contact, thought processes were vague, speech was slow, and Claimant described her mood as "just sick." Claimant was oriented to time, date, and place. Her intellectual abilities were "difficult to gauge due to vague and nonspontaneous response style." She exhibited minor deficits in social judgment and problem solving. Dr. Ward assessed Claimant with unspecified depressive disorder, rule out somatic symptoms disorder, and treatment nonadherence.

Dr. Ward observed Claimant as a "fairly unreliable historian," and indicated there was not enough evidence to identify Claimant's ability to handle an award of benefits. Claimant paused for extended periods of time before responding to questions and there were inconsistencies "when memory ebbed and flowed." Dr. Ward concluded that a "psychological overlay to pain complaints" could not be ruled out and somatic symptom disorder may be considered. She believed Claimant's prognosis would improve with a return to mental health care and with adherence to treatment recommendations. She further referenced a prior examination of Claimant from 2015 when Claimant's delayed recall was 5/5, but at her current examination, Claimant was unable to recall basic information. Dr. Ward suggested that a neuropsychological evaluation would help clarify Claimant's diagnostic picture. (Tr. 18, 19, 551-54).

The ALJ ordered a neuropsychological evaluation of Claimant. Russell D. Pella, Ph.D., evaluated Claimant in October of 2019. Dr. Pella noted Claimant discussed a remote and mild concussion, which he did not view as a likely contributor to the degree of cognitive problems reported by Claimant. Dr. Pella concluded that Claimant's cognitive status was not "well characterized" by the exam findings because she "demonstrated suboptimal engagement on tasks, producing an invalid exam and implausibly low performances." Dr. Pella noted such findings were "consistent with exaggeration and/or feigning, increasing the likelihood that there is a factitious component and/or motivation for external gain that is contributing to her presentation." He indicated her description of symptoms was "vague," and he could make "no reliable determination of a mental disorder." (Tr. 19, 618-21).

The ALJ further discussed Claimant's treatment records, noting she was last seen at Carl Albert Community Health Center in November of 2017. Claimant was discharged in May of 2018, for her failure to follow up for treatment for depressive disorder. (Tr. 19, 500-01, 504-06). He also found the state agency psychologists opinions unpersuasive based upon the inconsistencies with the reports of Dr. Ward and Dr. Pella. (Tr. 19, 100-13, 116-30).

At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [her] physical or mental ability to do basic

7

work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

Once it is established that a claimant has a medically determinable impairment, it must be determined whether the impairment is severe. *See* 20 C.F.R. § 416.921. When evaluating the severity of a mental impairment, the ALJ is required to rate the degree of functional limitation in four broad areas of functioning, including (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. The ALJ uses a five-point scale when rating the four areas of functioning – none, mild, moderate, marked, and extreme. *Id. at* § 416.920a(c). After rating the degree of functional limitation resulting from a mental impairment, the ALJ determines the severity of the impairment. *Id*. at § 416.920a(d). An "extreme" rating in one area of functioning or a "marked" rating in two areas of functioning is incompatible with the ability to engage in work activity. *Id*. at § 416.920a(c)(4);

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(b). A rating of "none" or "mild", however, generally results in a conclusion that the "impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the] ability to do basic work activities[.]" *Id*. at § 416.920a(d)(1).

The ALJ determined Claimant's depressive disorder was a medically determinable impairment. Because of this determination, he considered the four functional areas for evaluating mental disorders, or the "paragraph B" criteria. Regarding Claimant's ability to understand, remember, or apply information, he determined Claimant had a mild limitation. He noted she was a high school graduate without participation in special education classes. He relied upon the reports of Dr. Ward and Dr. Pella, noting "there is nothing in the medical record to indicate that the claimant is more than 'mildly' limited in this domain." He next assessed Claimant's ability to interact with others. He again found a mild limitation. Although Claimant indicated her symptoms limited her social interaction, the ALJ noted she also reported she went out alone, shopped, went to church, and had no difficulty getting along with others. Regarding Claimant's ability to concentrate, persist, or maintain pace, Claimant had a mild limitation. The ALJ again relied upon the reports of Dr. Ward and Dr. Pella, noting nothing in the record indicated more than a mild limitation. Finally, the ALJ determined Claimant had a mild

9

limitation in the functional area of adapting and managing oneself. He relied upon Dr. Pella's examination findings that Claimant's complaints were "vague" and Claimant's noncompliance and lack of treatment.

After considering the four functional areas, the ALJ concluded that Claimant's medically determinable mental impairment caused no more than mild limitations "and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities[.]" He determined Claimant's mental impairment was nonsevere. (Tr. 20).

Moreover, the ALJ determined that Claimant's medically determinable impairments of hypothyroidism, asthma, chronic migraines/headaches, pharyngitis, acute maxillary sinusitis, hyperlipidemia, and depressive disorder all "failed to meet the durational requirement of causing more than minimal limitation for at least 12 months to be considered severe[.]" He further concluded that Claimant's "physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities[,]" and she therefore "does not have a severe impairment or combination of impairments." He determined Claimant was not disabled at step two of the sequential analysis. (Tr. 20-21).

Claimant argues, however, that pursuant to the decision of *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013), the ALJ's

determination that Claimant had "mild" limitations in the four areas of functioning at step two required him to perform an RFC assessment at step four related to his findings. In *Wells*, the ALJ determined that several of the claimant's physical impairments were severe, but he determined that the claimant's mental impairments were nonsevere. *Id.* at 1067. At step three, he determined the claimant did not have a listed impairment, and he proceeded to step four and assessed the claimant with an RFC, including only physical functional limitations. The ALJ relied on his step two finding that the claimant's mental impairments were nonsevere and therefore did not result in mental functional limitations in the RFC. *Id.* 1068-69. The court concluded that merely finding the claimant's mental impairments were nonsevere did not "permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Id.* The court further determined that conclusions reached by the ALJ at step four regarding the claimant's mental RFC were not supported by substantial evidence. *Id.* at 1071.

Claimant's case is different from *Wells*. Here, after discussing the medical evidence, the ALJ concluded that all of Claimant's impairments "failed to meet the durational requirement of causing more than minimal limitation for at least 12 months," and he determined that "[C]laimant's physical and mental impairments, considered singly and in combination, d[id] not

11

significantly limit the [C]laimant's ability to perform basic work activities." He concluded "[C]laimant d[id] not have a severe impairment or combination of impairments," and she was therefore not disabled. (Tr. 20-21). *See* 20 C.F.R. § 416.920(a)(ii) ("If you do not have a severe medically determinable physical or mental impairment that meets the durational requirement . . ., or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled."); § 416.920(c) ("If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled."). Thus, the ALJ was not required to conduct an RFC analysis. *See* 20 C.F.R. § 416.923 ("If we do find a medically severe combination of impairments, we will consider the combined impact of the impairments throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled[.]"); *see also* Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *3 (July 2, 1996) ("RFC is an issue only at steps 4 and 5 of the sequential evaluation.").

Claimant has not sustained her burden of demonstrating that her medically determinable mental impairment would have anything more than a mild effect upon her ability to engage in basic work

activity, nor has she challenged the ALJ's conclusion that her impairment does not meet the durational requirement for disability. As such, there is no error in the ALJ's step-two determination that Claimant is not disabled.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 5th day of January, 2022.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE